IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs July 20, 2011

## DIMARKO B. WILLIAMS  v.  STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 9190      Jim T. Hamilton, Judge**

**No. M2010-02180-CCA-R3-PC - Filed October 19, 2011**

The Petitioner, Dimarko B. Williams, appeals as of right from the Maury County Circuit Court's dismissal of his petition for post-conviction relief as untimely. The Petitioner contends that the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), created a new constitutional right, tolling the limitations period. Following our review of the record and the relevant case law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**.

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT and JOHN EVERETT WILLIAMS, JJ., joined.

Robert C. Richardson, Jr., Columbia, Tennessee, for the appellant, Dimarko B. Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General;  T. Michel Bottoms, District Attorney General; and Daniel J. Runde, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

PROCEDURAL BACKGROUND

The Petitioner was charged with the first-degree murder of Harold Shawn Woodward in 1995. On April 16, 1996, the Petitioner was convicted by a jury of second-degree murder, a Class A felony. The trial court sentenced the Petitioner as a Range I, standard offender to 25 years.  In 1998, this court reduced the Petitioner's sentence to 22 years, after concluding that the trial judge misapplied three of the four enhancement factors used to increase the Petitioner's sentence beyond the presumptive 20-year minimum. State v. Williams, No.

01C01-9701-CC-00030, 1998 Tenn. Crim. App. LEXIS 1332 (Tenn. Crim. App., at Nashville, Dec. 31, 1998). On February 20, 2001, the Tennessee Supreme Court affirmed this court's modified sentence. State v. Williams, 38 S.W.3d 532, 534 (Tenn. 2001).

On May 26, 2005, the Petitioner filed a pro se petition for post-conviction relief. The Petitioner argued that Blakely created a new constitutional right that excused the untimeliness of his petition. Subsequently, a post-conviction hearing was held to address whether (1) Blakely created a new constitutional rule of law; (2) if that "new" rule of law required retroactive applicability; and (3) whether the Petitioner properly preserved this issue for appeal. The post-conviction court concluded that Blakely did not create a new constitutional right requiring retroactive application in the instant case. Accordingly, the post-conviction court dismissed the petition as untimely. The Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

The Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction relief. The Petitioner argues that his sentence was improperly enhanced by the trial court and that he is entitled to a new sentencing hearing. The Petitioner further contends that his petition was not untimely filed because Blakely created a new constitutional right and requires retroactive application. The State responds that the petition for post-conviction relief was untimely and was properly dismissed by the trial court.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001).

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006). A trial court must dismiss any petition not filed within the limitations period. Tenn. Code Ann. § 40-30-106(b). It is not disputed that the petition for post-conviction relief was untimely. The petition was filed in 2005, approximately four years after the Tennessee Supreme Court affirmed the decision of the Court of Criminal Appeals in 2001.

The Post-Conviction Procedure Act provides that a petition may be filed beyond the expiration of the one-year limitations period if the claim (1) is based on a constitutional right not existing at the time of trial; (2) is based on new scientific evidence that establishes innocence; or (3) seeks relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. Tenn. Code Ann. § 40-30-102(b)(1)-(3). The Petitioner asserts that Blakely created a new constitutional right that is entitled to retroactive application.

This court has repeatedly held that Blakely did not announce a new rule of law that is entitled to retroactive application in a post-conviction proceeding. See Jeffrey Owen Walters v. State, No. M2008-01806-CCA-R#-PC, 2009 WL 3400687, at *6 (Tenn. Crim. App. Oct. 20, 2009), perm. appeal denied, Tenn. April 14, 2010); Glen Cook v. State, No. W2006-01514-CCA-R3-PC, 2008 WL 821532, at *10 (Tenn. Crim. App. Mar. 27, 2008), perm. appeal denied, (Tenn. Sept. 29, 2008); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699. at *4 (Tenn. Crim. App. Jan. 25, 2005); Donald Branch v. State, No. W2003-03042-CCA-R3-PC 2004 WL 2996894, at 9-10 (Tenn. Crim. App. Dec. 21, 2004), perm. app. denied (Tenn. May 23, 2005). Accordingly, we conclude that the post-conviction court did not err in denying the petition for post-conviction relief because it was untimely filed.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE